## Richmond

Emma V. Herndon v. Herbert F. Wickham and George B. Willis.

March 11, 1957.

Record No. 4612.

Present, Hudgins, C. J., and Eggleston, Spratley, Buchanan, Miller and Whittle, JJ.

The opinion states the case.

Submitted on briefs.

*Nicholas A. Spinella* and *Byrne, Spinella & Thompson*, on brief, for the plaintiff in error.

*Leith S. Bremner, Richard L. Williams* and *Bremner, Parker, Neal, Harris & Williams*, on brief, for the defendants in error.

MILLER, J., delivered the opinion of the court.

■ Emma V. Herndon, hereinafter called plaintiff, instituted action against Herbert F. Wickham and George B. Willis, hereinafter called defendants, for personal injuries sustained by her when an automobile that she was driving was struck by a truck owned and operated by Wickham and Willis respectively. Defendants denied negligence, asserted plaintiff was guilty of contributory negligence, and relied upon the one year statute of limitations as defenses. The jury returned a verdict for plaintiff, but the court concluded that the action was barred by the statute of limitations, and upon defendants' motion, entered judgment for the defendants *non obstante veredicto.* We granted plaintiff an appeal.

In her motion for judgment filed June 9, 1954, plaintiff alleged that she was injured on November 23, 1951, and was committed to Eastern State Hospital, Williamsburg, Virginia, on March 31, 1952, "as a mentally ill person and was not granted a discharge" from that institution until February 3, 1954.

Defendants filed their grounds of defense on June 30, 1954, but did not then invoke the statute of limitations. The case was set for trial on May 24, 1955. On May 13, 1955, defendants served on counsel for plaintiff an amended grounds of defense in which the one year statute of limitations was relied upon. The original of this amendment was lodged in the clerk's office on May 16, 1955, and on May 17, 1955, plaintiff moved the court to reject and dismiss the amended defense. In her written motion to dismiss the amendment, on which argument was heard on May 18, 1955, plaintiff asserted that (1) during the past months defendants had requested and received medical reports on plaintiff's condition and had entered into negotiations for a settlement, and by that conduct and their delay they had waived their right to rely upon the statute; (2) that plaintiff was mentally ill from the date of the accident until her discharge from the hospital on February 3, 1954, and the statute did not begin to run until her discharge; and (3) the applicable statute of limitations was five years and not one year.

By order of May 18, 1955, the court granted leave to defendants to amend their defense and rely upon the statute of limitations, but reserved for later determination the question of whether one year or five years was the applicable limitation. The case was tried on May 24 and 25, and under stipulation of counsel the jury was instructed that if they should find for the plaintiff, they should "further find as to whether or not the plaintiff was insane at any time on November 23, 1951, and such insanity continued until March 31, 1952, when she was committed to Eastern State Hospital."

The jury returned the following verdicts:

"We, the jury on the issue joined, find that the plaintiff was sane on November 23, 1951 or sometime between Nov. 23, 1951 and March 31, 1952."

"We, the jury, on the issue joined, find in favor of the plaintiff and assess her damages at $4,500.00."

Thereafter the court concluded that the one year limitation applied, set aside the verdict, and entered judgment for defendants.

In her assignments of error plaintiff asserts that (a) the defendants waived their right to rely upon the statute of limitations, and the court erred when it allowed the statute to be invoked, and (b) the limitation on actions for personal injuries applicable to this accident was five years instead of one year as asserted by defendants and decided by the court.

Rule of Court 3:5 contemplates and requires that a defendant file his responsive pleadings "within twenty-one (21) days after service on him of the notice of motion for judgment." This rule must, however, be read in connection with Rule of Court 3:13, the pertinent part of which follow:

"The time allowed for filing pleadings may be extended by the court in its discretion, and such extension may be granted though the time fixed has already expired; provided, however, that the time fixed by Rule 3:6 for filing pleas in abatement shall in no case be extended.

   \*     \*     \*     \*     \*     \*     \*

"No amendment shall be made to any pleading after it is filed save by leave of court. Leave to amend shall be liberally granted in furtherance of the ends of justice. In granting leave to amend the court may make such provision for notice thereof and opportunity to make response as the court may deem reasonable and proper."

Defendants filed responsive pleadings within the twenty-one days but did not then rely upon the statute of limitations. Undoubtedly they were tardy in not notifying plaintiff before May 13, 1955, of their intention to move the court for leave to amend their grounds of defense. Yet it does not appear that plaintiff was taken by surprise or prejudiced when motion to amend was made for she did not request continuance of the case to a later date. Nor is there anything to indicate that by their delay defendants waived their right to request leave to amend their defense or that the court abused its discretion under Rule of Court 3:13 when it allowed defendants to amend and rely upon the statute of limitations. *Bibber, et al.* v. *McCreary, et al.,* 194 Va. 394, 73 S. E. 2d 382. We find no reversible error in the court's ruling on this question.

■ The Virginia statute of limitations, *i.e.,* § 8-24, Code 1950, covers all personal actions for which no specific limitation is prescribed by any other acts and thus applies to actions for personal injuries. *Anderson* v. *Hygeia Hotel Co.,* 92 Va. 687, 24 S. E. 269 (1896).

This statute was first enacted in 1849. See Vol. 2 Reports of Revisors, 1849, § 11, page 744. It appears in the Code of 1849 as § 11, ch. 149, p. 593, and in subsequent codes as indicated in the margin.[1] It remained without material change from the time of its enactment in 1849 until amended by Acts 1954, ch. 589, p. 764, and that amending act has no effect upon this action.

When the instant cause of action arose on November 23, 1951, § 8-24 read as follows:

"Every personal action, for which no limitation is otherwise prescribed, shall be brought within five years next after the right to bring the same shall have accrued, if it be for a matter of such nature that in case a party die it can be brought by or against his representative; and, if it be for a matter not of such nature, shall be brought within one year next after the right to bring the same shall have accrued."

Under this statute the period of limitation is made to depend upon whether or not the cause of action survives the death of either party.

The wrongful death statute enacted in 1871, Acts 1870-71, ch. 29, p. 27 (Code 1873, ch. 145, p. 996) patterned after Lord Campbell's Act passed by the British parliament in 1846, was the first statute in

---

[1] Code 1860, § 11, p. 638; Code 1873, § 14, p. 1001; Code 1887, § 2927; Code 1919, § 5818; Code 1950, § 8-24.

Virginia to permit recovery for death caused by wrongful act, and thus alter the common law rule that a cause of action for personal injury abated at the death of either the tort feasor or the injured party. This statute was amended by Acts 1877-78, ch. 238, p. 221 (§ 2906, Code 1887) and provision made for revival of an action for personal injuries when the injured party died *pendente lite* and death was caused by the injury inflicted. The pertinent part of § 2906 reads as follows:

"* * * [A]nd, where an action is brought, by a party injured, for damage caused by the wrongful act, neglect, or default of any person or corporation and the party injured dies pending the action, and his death is caused by such wrongful act, neglect, or default, the action shall not abate by reason of his death, but, his death being suggested, it may be *revived* in the name of his personal representative * * *." Code 1887, § 2906. (Emphasis added.) *Cf.* § 8-640, Code 1950.

In *Anderson* v. *Hygeia Hotel Company, supra,* an action for personal injury was brought eighteen months after the cause of action arose. Plaintiff contended that the revival provision of the Act of 1877-78 satisfied the test for a five year limitation under the statute of limitations, *i.e.,* § 2927, Code 1887, now § 8-24. However, the court concluded that the Act of 1877-78 did not affect the statute of limitations because upon *revival* of the action, it became an action for wrongful death under the statute and was not the same as the pre-existing action for personal injuries.

The Act of 1877-78 (§ 2906, Code 1887) was amended by Acts of 1893-94, c. 88, p. 83, to provide that actions for personal injuries would not abate by reason of the death of the injured party, but upon suggestion of death it would be revived. Its pertinent portion follows:

"* * * [A]nd where an action is brought by a party injured, for damages caused by the wrongful act, neglect, or default of any person or corporation, and the party injured dies pending the action, the action shall not abate by reason of his death, but his death being suggested, it may be revived in the name of his personal representative."

By this amendment an action for personal injury could be revived in case of the death of the injured party *though his death did not result from the injury. Birmingham* v. *Chesapeake & Ohio Railway Co.,* 98 Va. 548, 37 S. E. 17 (1900).

In the *Birmingham* case plaintiff contended that in an action for personal injuries the five year limitation was applicable under § 2927, Code 1887, now § 8-24, because of the provision in the Act of 1893-94.

The court, however, held that the Act of 1893-94 was not intended to make such a radical change as to amend the statute of limitations and provide a five year limitation for an action for personal injuries but its object was to provide for revival of the action when the plaintiff died pending the action without regard to the cause of death. In so holding, the court said:

"The amendment was not intended to change or affect the period of limitations to actions for personal injuries, and such actions must, as heretofore, be brought within one year next after the right to bring the same shall have accrued." At page 552.

Section 5790, Code 1919, amended the Act of 1893-94 to read, so far as here relevant, as follows:

"* * * [A]nd, where an action is brought by a person injured for damage caused by the wrongful act, neglect, or default of any person or corporation, and the person injured dies pending the action, the action shall not abate by reason of his death, but, his death being suggested, it may be revived in the name of his personal representative * * *. Nothing contained in this section shall be construed to extend the time within which an action for *any other tort* shall be brought, nor to give the right to assign a claim for a tort not otherwise assignable." (Emphasis added.)

In the revisors' notes under § 5790, Code 1919, it is said:

"The revised section was not intended to change the holding in *Birmingham* v. *C. & O. Ry. Co., supra,* but the provision for the amendment of the declaration and other pleadings so as to conform to an action under sections 5786 and 5787 was taken from the section as it appears in the Code of 1887.

\*　　　\*　　　\*　　　\*　　　\*　　　\*　　　\*

"The last sentence is intended to meet difficulties that have been suggested with reference to the act of limitations in other actions of tort, and the right to assign such rights of action.

"For a personal injury not resulting in death, for which no action is brought by the injured party in his lifetime, no provision is now, or has ever been made, and it simply dies as at common law.

"This and the preceding sections do not affect the rule of the common law, and do not cause to survive, within the meaning of section 5818 [§ 8-24, Code 1950], the right of action for an injury to the person by the wrongful act, neglect, or default of another. Such right of action still, as at common law, dies with the person, and the limitation of one year applies in such case. \* \* \*"

It is made certain by the revisors' notes that the interpretation of the Act of 1893-94 made in the *Birmingham* case, which was that the Act did not change the statute of limitations for a personal injury (§ 2927, Code 1887; § 5818, Code 1919, § 8-24, Code 1950) from one to five years, was adopted and adhered to by the Code Revisors when the Act of 1893-94 was amended and included as § 5790 in the Code of 1919. Confirmatory of this conclusion is the language in the amendment denying any extension of the time in which an action for "any other tort shall be brought." By imposing that prohibition on extension of the time in which to institute an action for "any other tort," the legislature made it plain that it intended to limit the survival provision to incidents where the injured party died *pendente lite* and thus preclude a construction that would extend the period of limitation in which to sue for other torts. Clearly this prohibition forbade extension of the period fixed in the limitation statute, *i.e.*, § 5818, Code 1919, now § 8-24, Code 1950, in which actions for personal injuries must be instituted.

Acts 1893-94, ch. 88, p. 83 (§ 5790, Code 1919) was next amended by Acts 1928, ch. 446, p. 1141. This amendment made provision for the revival of *actions* for personal injuries in event of death *pendente lite* of either the wrongdoer or the injured party, and it also provided for survival of such *rights of action* in event of the death of the wrongdoer or the injured party. Since by this act a right of action might be enforced "whether or not the death of the wrongdoer occurred before or after the death of the injured party," it follows that the cause of action is made to survive the death of the injured party. However, the prohibition against construction of the act so as to extend the period of limitation was expressly retained by its concluding sentence, *i.e.*, "Nothing contained in this section shall be construed to extend the time within which an action for any other tort shall be brought, nor to give the right to assign a claim for a tort not otherwise assignable."

The decision of *United States F & G Company* v. *Blue Diamond Coal Company*, 161 Va. 373, 170 S. E. 728 (1933), is convincing authority that the one year limitation on actions for personal injuries was not extended by this act. There plaintiff, the workmen's compensation insurer, had been subrogated to the rights of George Beres, injured employee of St. Louis Structural Steel Company. It brought suit against Blue Diamond, a third party, whose negligence had caused Beres' injury. The action, however, was not instituted until

more than a year after Beres' injury, and the limitation of one year on personal injury actions fixed by then § 5818, Code 1919, was invoked as a defense. It was held that the right of action was barred because the insurer's rights were derived from the injured employee who could not have prevailed because of the one year limitation. The court said:

"Where an employee of an employer is injured, while in the course of his employment, by the negligence of some third party, the third party is in no way liable to the employee under the Workmen's Compensation Act. His liability is merely that of a *tort feasor;* and under the provisions of section 5818 [Code 1919] unless the injured employee brings his action against the third party within one year from the time the injury was inflicted, his right of action is forever barred. *Anderson* v. *Hygeia Hotel Co.*, 92 Va. 687, 24 S. E. 269; *Birmingham* v. *Chesapeake, etc., Ry. Co.*, 98 Va. 548, 37 S. E. 17." At page 378.

The *Hygeia Hotel* and *Birmingham* cases established the principle that the revival provisions of the Acts of 1877-78 (§ 2906, Code 1887) and Acts 1893-94 did not have the effect of extending the statute of limitations from one to five years for personal injuries. In the *United States F & G Company* case, *supra*, decided in 1933, the court cited and relied upon those two former decisions. It is thus made evident that the amending Act of 1928, ch. 446, p. 1141, was also regarded by the court as not extending the one year period of limitation.

Of like effect is *Street* v. *Consumers Mining Corp.*, 185 Va. 561, 39 S. E. 2d 271.

By Acts 1950, ch. 481, p. 948, approved April 7, 1950, the following statute was passed and numbered as § 8-628.1, 1950 Cum. Supp., Code of 1950[2]:

"§ 8-628.1. No cause of action for injuries to person or property shall be lost because of the death of the person liable for the injury. No cause of action for injuries to person or property shall be lost because of the death of the person in whose favor the cause of action existed, provided, however, in such action no recovery can be had for mental anguish, pain or suffering."

However, when this act was passed, the parts of the Act of 1928, ch. 446, p. 1141, that provide for the survival of rights of action

---

[2] Amended by Acts 1952, ch. 378, p. 671, and Acts 1954, ch. 607, p. 782, now § 8-628.1, 1956 Cum. Supp., Code 1950.

"whether or not the death of the wrongdoer occurred before or after the death of the injured party" and the provision prohibiting a construction that would extend the period of limitation "for any other tort" remained in § 8-628 and were not repealed by § 8-628.1.

The Acts of 1877-78, 1893-94, and 1928 were interpreted as not affecting the one year statute of limitation. *Anderson v. Hygeia Hotel Co., supra; Birmingham v. Chesapeake & Ohio Railway Co., supra; United States F & G Co. v. Blue Diamond Coal. Co., supra; Street v. Consumers Mining Corporation, supra.* When the Code was revised in 1919, this interpretation of the 1893-94 Act was recognized and adhered to as indicated by the revisors' notes in that Code. However, plaintiff contends that as Acts 1950, ch. 481, p. 948, approved April 7, 1950, *i.e.*, § 8-628.1, 1950 Supp., Code 1950, does not carry the prohibition against extending the time in "which an action for any other tort shall be brought," it should be construed as indicating that no such prohibition thereafter existed and thus have the effect of extending the limitation (in § 8-24, Code 1950) from one to five years.

It is true that Acts 1950, ch. 481, p. 948, was approved subsequent to the effective date of the Code of 1950 (§ 1-2, Code 1950), but we cannot agree that it has the far reaching effect attributed to it by plaintiff.

In *Seymour v. Richardson*, 194 Va. 709, 75 S. E. 2d 77 (1953) occasion was had to pass upon certain features of § 8-628.1 as enacted in 1950, but the issue presented and decided is of little help on the problem now at hand. The question decided was that the express prohibition in § 8-628.1 against recovery for pain, suffering and mental anguish applied as well to actions for personal injuries brought by the injured party who thereafter died as to those instituted after his death.

Our decisions and the history of the several enactments since Acts 1877-78, ch. 238, p. 221, do not indicate any intent on the part of the legislature when it enacted Acts 1950, ch. 481, p. 948, to change the statute of limitations from one to five years on causes of action for personal injury. 38 Virginia Law Review 959. Former interpretations of the statutes, their history and evident purpose negative such intent, and we are satisfied that the limitation applicable to an action for personal injury when this cause of action arose was one year. It necessarily follows that the judgment appealed from must be

*Affirmed.*