# Richmond

## BEN COOPER v. CHARLES DAVIS, AN INFANT, ETC.

December 2, 1957.

Record No. 4712.

Present, Hudgins, C. J., and Eggleston, Spratley, Buchanan, Whittle and Snead, JJ.

The opinion states the case.

*John S. Rixey* (*Harry Spilka; Rixey & Rixey,* on brief), for the plaintiff in error.

*Stanley J. Bangel (Bangel, Bangel & Bangel,* on brief), for the defendant in error.

EGGLESTON, J., delivered the opinion of the court.

[█ This appeal involves the interpretation and application of certain of the rules governing the "Practice and Procedure in Actions at Law," effective February 1, 1950, as amended. A clear understanding of the questions raised and decided requires a somewhat detailed statement of the proceedings in the lower court.

On December 7, 1955, Charles Davis, an infant, hereinafter referred to as the plaintiff, suing by Ellen Davis, his mother and next friend, filed a motion for judgment against Ben Cooper, hereinafter referred to as the defendant, to recover damages for personal injuries sustained by the plaintiff while on certain premises alleged to have been owned and controlled by the defendant. The officer's return made on the "Proof of Service" (Rule 3:4) showed that on December 8 a copy of the notice of motion for judgment was served on the defendant in person. The defendant filed no pleadings in response or grounds of defense within twenty-one days after such service, as required by Rule 3:5.

On April 10, 1956, no pleadings in response or grounds of defense having been filed, pursuant to Rule 3:19 the evidence on behalf of the plaintiff was heard by the court without a jury and a default judgment was entered in his favor against the defendant in the sum of $3,000.

Later, on the same day, the defendant, by counsel, filed with the court a motion to vacate the judgment and to permit him to file his grounds of defense within ten days. The motion alleged that the defendant "did not realize that suit was pending in this court and that he was in default," that he had a "valid defense" to the action, and prayed that he be allowed to appear and defend. Honorable J. Sydney Smith, Jr., Judge of the Corporation Court of the city of Norfolk, Part II, who had entered the default judgment while presiding in the place of Honorable J. Hume Taylor, judge of the court in which the action was pending, entered an order vacating the default judgment, but continuing the defendant's motion for permission to file his grounds of defense. Thereafter Judge Smith had no further part in the proceedings, they being conducted by Judge Taylor.

On April 18 the defendant filed a motion to quash the service of process on the ground that it had not been served on him in person, as shown by the officer's return. Over the well-made objection of counsel for the plaintiff that the officer's return imported a verity and could not be contradicted (*Childress* v. *Fidelity & Casualty Co.*, 194 Va. 191, 194, 72 S. E. 2d 349, 351, and cases there cited), the court heard evidence as to whether the notice of motion for judgment had in fact been served on the defendant in person.

The defendant testified that he did not "recall," or have any "recollection" of, having received such "process or suit papers" on the date shown by the officer's return. The deputy city sergeant testified that he had known the defendant personally for a number of years; that he recalled the circumstances under which the process or notice was served; and that he did, in fact, serve it on the defendant personally, telling him at the time, "These are legal papers that I am serving on you."

Upon such clear proof that personal service had been had on the defendant, the court entered an order overruling his motion to quash and the motion that he be permitted to file his grounds of defense.

Counsel who had theretofore represented the defendant withdrew from the case and other counsel appeared for him both in the lower court and on this appeal.

On November 2, 1956, the defendant filed an affidavit denying the ownership or control of the premises upon which the plaintiff had alleged that he was injured. On November 7 the defendant filed a new written motion to be relieved of default and therewith tendered and asked leave to file his grounds of defense and accompanying affidavit. The tendered grounds of defense included a general denial of the plaintiff's claim, coupled with the allegation that at the time of the alleged injuries to the plaintiff the premises on which they were alleged to have occurred were "not owned or controlled" by the defendant. So far as is here material the purport of the affidavit was that while the defendant was aware that the plaintiff had asserted a claim against him, he had "no recollection whatever" of having received the process or copy of the motion for judgment; that his "mind is a blank" on the subject; that had he "been conscious of the receipt of process commencing a suit" he "would have done what was necessary to cause proper answer to be filed;" and that at the time of the "alleged accident and injury forming the subject of this action" the premises on which it is alleged that the acci-

dent occurred were not "owned or controlled" by him, the defendant, but more than a month prior thereto had been conveyed by him to a local bank as trustee in "an irrevocable trust agreement."

The plaintiff objected to the filing of the grounds of defense and affidavit at that late stage of the proceedings. The lower court sustained that objection, pointing out in a written memorandum that the grounds of defense and affidavit did not, in its opinion, present a "reasonable excuse" for the defendant's "failure to act within the time allowed." The lower court further said that since the defendant had been "personally served" with process and a copy of the motion for judgment, he "either knew, or would have known had he taken the trouble to read the papers, that action at law had been instituted against him in this court and that unless response was made within twenty-one days judgment might be entered without further notice." "It is difficult to believe," the court said, "that a defendant, who has received written communication that a plaintiff is asserting a claim against him, would fail to read papers thereafter served upon him by a deputy city sergeant."

Shortly thereafter there was a trial before a jury at which the defendant was not permitted to defend on the merits. This resulted in a verdict of $7,500 in favor of the plaintiff against the defendant, upon which the lower court entered judgment.

The principal assignment of error is that the lower court erred in not permitting the defendant to file his grounds of defense and defend the case on its merits. The argument runs thus: On the face of the affidavit, which is uncontradicted, the defendant had a complete and valid defense to the action in that at the time of the accident the premises on which it is alleged to have occurred were not owned or controlled by him; that from April 10, 1956, the date on which the default judgment was entered against him and then vacated, until the date of the final judgment on the following December 7, he had been "diligently" seeking to assert his defense and had been denied the right to do so; that it is undisputed that his failure to file his grounds of defense within the required time was because he had "no recollection" of having received the "suit papers" and was "not conscious" that suit had been brought against him until notified of the entry of the default judgment; that there was no showing of a lack of "good faith" on the part of the defendant in these assertions, and no showing that the defendant's delay in filing his responsive pleadings has in any way prejudiced the rights of the

plaintiff. Therefore, it is said, the court, in the exercise of its discretion, should have allowed the filing of such responsive pleadings as permitted by Rule 3:13. This rule provides that, except as to pleas in abatement, "The time allowed for filing pleadings may be extended by the court in its discretion, and such extension may be granted though the time fixed has already expired; * * * ."

The trouble with the defendant's contention is that his diligent pursuit for judicial relief was begun too late. Rule 3:5 "contemplates and requires that a defendant file his responsive pleadings 'within twenty-one (21) days after service on him of the notice of motion for judgment.'" (*Herndon* v. *Wickham*, 198 Va. 824, 826, 97 S. E. 2d 5, 7.) The notice of motion for judgment served on the defendant, prepared in accordance with Rule 3:3, so told him in plain language. Yet the defendant made no attempt to file the required pleadings for more than four months after the service of the notice on him.

The defendant admitted that he had received from counsel for the plaintiff written notice of the claim before the suit was brought. The motion for judgment attached to the notice and served on him told him in plain language that the plaintiff was moving the court for a judgment against him in the sum of $15,000 for damages to the plaintiff resulting from the accident and negligence of the defendant on certain named premises "owned and controlled" by him, the defendant. Moreover, the deputy sergeant, at the time of the service, explained to the defendant the nature of the papers which he was then delivering to him. A reading of the defendant's testimony shows that he is a person of intelligence. It is inconceivable, then, that the defendant did not "recall," as he testified, that process had been served on him, or, as he said in his affidavit, that he was "not conscious" of the receipt of the process, or that he did not "realize" that suit had been instituted against him.

But if such statements in the defendant's testimony and affidavit are taken at their face value they merely amount to a showing of gross neglect and carelessness on his part, and do not constitute a reasonable or legal excuse for his failure to comply with the rule. It is a plain case where the lower court, in the exercise of the discretion lodged in it by Rule 3:13, was fully justified in refusing to allow the defendant to file his grounds of defense after having been so long in default.

■ Although the defendant was not permitted to make any de-

fense on the merits, his counsel was permitted to argue before the jury the quantum of damages. Complaint is made that during his argument the court encroached upon the province of the jury by making an improper comment on the evidence.

The incident arose in this manner: Counsel for the defendant argued that there was not "a particle of evidence in this case * * * of any intracranial injury to this child" which probably caused the headaches of which he complained; that such headaches might have been caused by the fact that the plaintiff was cross-eyed, or that he was "constipated." Counsel for the plaintiff objected that counsel for the defendant "ought to confine himself to the evidence in this case, not go astray." Whereupon the court commented: "The evidence of the case as given by the doctors is that the headaches may be caused by cross-eyes but that in his opinion they were caused as a result of the injuries received in the accident." When counsel for the defendant objected and excepted to this statement by the court, the court said: "I have to pass to a certain extent on the evidence when there is objection; I have to recall the evidence to a certain extent when there is objection to argument on the ground that it was not in the evidence."

Counsel for the defendant then proceeded to argue to the jury his "recollection" of the medical testimony on the subject. At the close of this argument the court said to the jury: "Gentlemen of the jury, in connection with objection that was made by Mr. Bangel, 1 commented on my recollection of certain of the evidence. I felt that I had to do so in order to explain my ruling. However, I wish to bring to your attention, emphasize that you and you alone are the sole judges of the facts of the case and you must depend on your recollection and not on mine or that of counsel as to what the several witnesses may have testified to."

Assuming, but not deciding, that the court had in the first instance improperly commented on the evidence, that situation was clarified and corrected by this last statement of the court to the jury. Our view that the remarks of the court did not constitute prejudicial error is fortified by the fact that there is no contention that the verdict was excessive.

For these reasons the judgment is

*Affirmed.*