## CIRCUIT COURT OF ALLEGHANY COUNTY

Lillian Mae Nida

v.

Marvin L. Hooker, Sr.

November 29, 1976

By JUDGE ROSCOE B. STEPHENSON, JR.

I have before me the plaintiff's motion for a default judgment and the defendant's motion for leave to file a responsive pleading after the expiration of 21 days from the date process was served on the defendant.

The record shows that this suit was commenced on January 28, 1976, and that service of process was executed by the sheriff on the same date by tacking a true copy of the process upon the door of his residence, he being absent from his usual place of abode.

By letter to me from Mr. William B. Poff, attorney for the defendant, dated April 26, 1976, it would appear that Mr. Poff did not receive the copy of the notice of motion for judgment from the defendant's insurance carrier until about April 16, 1976. In that letter Mr. Poff stated, "I understand that the papers were delayed in transit to us through some clerical mishap, and we thus did not actually receive the file for defense purposes until on or about April 16, 1976." This letter was received by me on April 28, 1976.

By letter dated June 18, 1976, Mr. Poff wrote Mr. Robert C. Hubbard, Clerk of Court, and enclosed therewith a responsive pleading of defendant. Mr. Poff requested that this pleading be marked as "received" rather than "filed," since the case was in default under the Rules of Court. This was done.

Thereafter, the court scheduled a hearing on the two motions for November 12, 1976. Mr. Poff advised me by telephone that he had nothing further to offer with

respect to his motion than what had previously been stated in his letter, and, therefore, the hearing did not take place.

The plaintiff is insisting on an order granting a default judgment, thereby leaving simply the issue of damages remaining.

I have always been rather reluctant to order a default judgment if any reasonable or plausible explanation were advanced for not doing so. However where, as here, no explanation is given, I feel that the court, in exercising its discretion, has little choice but to enter such judgment.

Rule 3:17 provides:

> A defendant who fails to plead to a notice of motion for judgment within the required time is in default. He is not entitled to notice, including notice to take depositions, of any further proceedings in the case. He waives trial by jury and all objections to the admissibility of evidence. The court shall, on motion of plaintiff, enter judgment for the amount appearing to the court to be due. If the relief demanded is unliquidated damages the court shall hear evidence and fix the amount thereof, unless the plaintiff demands trial by jury, in which event, a jury shall be impaneled to fix the amount of damages.

Rule 1:9 provides:

> All steps and procedures in the clerk's office touching the filing of pleadings and the maturing of suits or actions may be reviewed and corrected by the court.
> The time allowed for filing pleadings may be extended by the court in its discretion and such extension may be granted although the time fixed already has expired; but the time fixed by other Rules for filing pleas in abatement shall in no case be extended.

*Cooper* v. *Davis*, 199 Va. 472, 100 S.E.2d 691, dealt with this question under somewhat similar circumstances. In that case the court said *inter alia*:

432

But if such statements in the defendant's testimony and affidavit are taken at their face value they merely amount to a showing of gross neglect and carelessness on his part, and do not constitute a reasonable or legal excuse for his failure to comply with the rule. It is a plain case where the lower court, in the exercise of the discretion lodged in it by Rule 3:13, was fully justified in refusing to allow the defendant to file his grounds of defense after having been so long in default.

Notwithstanding my usual reluctance, I feel that, unless some further and more adequate explanation is forthcoming from the defendant, I must sustain the plaintiff's motion and order a default judgment.