## Alexandria

DOUGLAS LEE HENSHAW

v.

COMMONWEALTH OF VIRGINIA

No. 0618-85

Decided October 7, 1986

COUNSEL

David C. Dickey, for appellant.

M. Katharine Spong, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

**BENTON, J.** — Douglas Lee Henshaw was found guilty by a jury of driving under the influence and sentenced to ninety days in jail. In this appeal he contends that the court erred in refusing to allow a question of the venire about drinking and driving, and in refusing to declare a mistrial on the basis of a remark by the court. We agree with both of Henshaw's contentions and reverse the conviction.

## I.

The written statement of the incidents of the case discloses that Henshaw's counsel asked veniremembers "whether any of them thought it improper to drive after drinking alcoholic beverages." The court *sua sponte* ruled the inquiry improper and instructed the veniremembers that driving after drinking is not a criminal offense and that Henshaw was charged with driving while under

the influence of alcohol. In response to the court's question, all veniremembers said that they could follow the court's instructions.

On the night of his arrest, a breath test indicated that Henshaw had a blood alcohol content of .14 percent. The Commonwealth, therefore, was entitled under Code § 18.2-269 to the benefit of the rebuttable presumption that he was under the influence of alcoholic intoxicants. Henshaw was entitled to introduce evidence to rebut the statutory presumption. Henshaw contends that any juror who thought it improper to drive after drinking might not have evaluated impartially his defense and that the question to the veniremembers was properly designed to elicit prejudice according to the criteria set out in Code § 8.01-358 and Rule 3A:14. We agree.

A defendant is entitled to ask a veniremember any relevant question to ascertain whether "he is related to either party, or has any interest in the cause, or has expressed or formed any opinion, or is sensible of any bias or prejudice therein." Code § 8.01-358. Moreover, a defendant may ask a veniremember "any question relevant to his qualifications as an impartial juror." Rule 3A:14. It is a matter for the trial court's discretion to determine whether a question is relevant. *LeVasseur v. Commonwealth*, 225 Va. 564, 581, 304 S.E.2d 644, 653 (1983), *cert. denied*, 464 U.S. 1063 (1984). The test for relevancy is as follows:

> whether the questions relate to any of the four criteria set forth in the statute [Code § 8.01-358]. If an answer to the question *would necessarily disclose, or clearly lead to disclosure of* the statutory factors of relationship, interest, opinion, or prejudice, it must be permitted.

*LeVasseur*, 225 Va. at 581, 304 S.E.2d at 653 (emphasis added).

The Commonwealth argues that Henshaw's question sought to elicit merely the veniremembers' opinions on a subject which was irrelevant to whether they could fairly and impartially evaluate the evidence and follow the court's instructions. We disagree. Unlike the "ambiguous," "equivocal," and "convoluted" inquiries in *LeVasseur*, the question in this case went directly to the veniremembers' ability to evaluate fairly and impartially Henshaw's rebuttal evidence of his presumed intoxication. *See LeVasseur*, 225 Va. at 579, 304 S.E.2d at 652 ("a question which asks

whether the juror would be able to consider the use of illegal drugs 'as part of his defense' is so ambiguous as to render the question meaningless"). We think it is beyond cavil that a juror who believes it improper to drive after drinking may be unable to evaluate fairly and impartially the evidence of one who drives after drinking but claims nevertheless not to have been intoxicated.

An affirmative answer to Henshaw's inquiry, of course, would not necessarily have required exclusion of a veniremember. Further inquiry would have been necessary to ascertain whether one who thought it improper to drive after drinking in fact had a prejudice or bias against Henshaw. Henshaw, however, was foreclosed from any inquiry in that direction. We hold, therefore, that the trial court abused its discretion in refusing to permit a relevant question that would "necessarily disclose, or clearly lead to the disclosure of" prejudice. *LeVasseur*, 225 Va. at 581, 304 S.E.2d at 653.

We also reject the Commonwealth's suggestion that the question intruded upon the court's responsibility to instruct the jury on the law. In *Carpenter v. Commonwealth*, 186 Va. 851, 44 S.E.2d 419 (1947), upon which the Commonwealth relies, a defendant charged with assault and battery upon a minor child sought to ask: "Do you believe that a man has the right as a parent to inflict proper punishment on a child?" The Supreme Court held that this question was "a question of law, as to which it was the duty of the court to instruct the jury," and "involved an attempt to ascertain the personal opinions of the prospective jurors rather than an inquiry to determine whether they would accept as a defense that which the law required as a defense." *Id.* at 865, 44 S.E.2d at 426.

Henshaw's question, by contrast, was directed to the veniremembers' capacity to evaluate his evidence in rebuttal of a presumed intoxication. Henshaw either was intoxicated or he was not. His question to the venire sought to ascertain whether any of the veniremembers could make this factual determination fairly and impartially, and, in our opinion, did not intrude upon the court's responsibility to instruct the jury on the law.

## II.

The Commonwealth's evidence consisted of a deputy sheriff's testimony that he observed Henshaw's vehicle proceeding erratically, that Henshaw failed to perform two field sobriety tests, and that a breath test disclosed a blood alcohol content of .14 percent. Henshaw testified that he consumed alcoholic beverages before leaving an establishment around midnight. After leaving that place, he was stopped at a DUI checkpoint in Charlottesville, where an officer examined him, "doing something shining light in my eye." The officer allowed Henshaw to drive away. Henshaw said that he consumed no alcoholic beverages from that time until the deputy stopped him.

The statement of the incidents of the case summarized the testimony of the Sheriff of Greene County, a defense witness, as follows:

> that he (the said sheriff) was highly trained in the investigation of DUI cases, and that he was familiar with the test known as gaze [nystagmus] whereby the investigating officer shines a pen light into the eyes of the suspected intoxicated driver and makes certain observations. He stated that this test is considered highly reliable.[1]

The statement of the incidents of the case also discloses the following with respect to Henshaw's second contention:

> At one point during Defendant's argument to the jury, the attorney for the defendant argued that the defendant had been stopped by a Charlottesville Police officer at a road-side check point and tested for signs of DUI including the gaze [nystagmus] test, and that the jury was entitled to infer that the officer was highly trained in this regard. The attorney for the Commonwealth then arose [and] objected, but before he could state the grounds of his objection, *the presiding judge*

---

[1] The alcohol gaze nystagmus test "consists of having the subject cover one eye, follow an object, such as a pen or finger, with the open eye until the subject's eye is at an angle of 45 degrees from his or her nose." *See* 2 D. Nichols, *Drinking/Driving Litigation* § 26.01 (1985). The test is thought to be a valid measure of blood alcohol content, but is subject to criticism on the basis that its administration in the field may yield imprecise results and may be clouded by physiological processes other than intoxication. *Id.*

*interjected that there was "no evidence that the defendant had been stopped by an officer at a road check" or words to that effect.*

The attorney for the Commonwealth then stated the grounds for his objection — that the attorney for the defendant was arguing facts outside of the evidence, since the officer in question had not testified to his training and experience. (emphasis added).

Henshaw's counsel moved for a mistrial on the ground that the court's comment inferentially suggested to the jury that the court believed that Henshaw was not a credible witness. The court denied the motion and instructed the jury that they were the judges of the evidence and the credibility of witnesses. The court said that "he (the court) was not commenting on the evidence, and not in any way telling them what they should remember about the evidence." Henshaw contends that the jury's determination of credibility was the critical aspect of his trial and that the court's comment improperly interfered with this determination. He argues further that the subsequent instruction did not cure the error. We agree with both contentions.

█ The several functions of judge and jury have been the subject of comment in many reported cases. The Supreme Court's opinion in *Mazer v. Commonwealth*, 142 Va. 649, 128 S.E. 514 (1925) states the long-established rule relevant to this case:

The high official position of the trial judge in a criminal case gives great weight with the jury to his words and conduct, and it is incumbent upon him to guard against any manifestation of his opinion either upon the weight of the evidence or the credibility of the witnesses. "All expressions of opinion, or comments, or remarks upon the evidence which have a tendency to intimate the bias of the court with respect to the character or weight of the testimony, particularly in criminal cases, are watched with extreme jealousy, and generally considered as invasions of the province of the jury."

*Id.* at 653-54, 128 S.E. at 515 (citation omitted).

The comment by the court may have been prompted, as the Commonwealth suggests, by the "judge's failure to recall the par-

ticular portion of the defendant's testimony." Irrespective of the reason, the comment tended to indicate a belief by the court that Henshaw was not stopped, as he had testified. It was for the jury to determine whether Henshaw's testimony was credible. We conclude, therefore, that the comment was error under the rule stated in *Mazer* and similar cases.

The Commonwealth contends that any prejudice to Henshaw as a result of the court's comment was removed by the subsequent instruction, and refers to *Cooper v. Davis*, 199 Va. 472, 100 S.E.2d 691 (1957). In *Cooper*, the defendant was foreclosed from presenting evidence because he had not filed a timely grounds of defense; but he was permitted to argue as to the extent of damages. He then proceeded to argue there was not "a particle of evidence" to establish that a condition resulted from injury, prompting an objection that the defendant was arguing matters not in evidence. In ruling on the objection the court did recollect some of the evidence, but took care to inform the jury that it had done so only to explain its ruling and instructed the jury to depend on their recollection of the evidence. Assuming the court had improperly commented on the evidence, the Supreme Court held that the court had clarified its action and corrected any error by instructing the jury. *Id.* at 476-77, 100 S.E.2d at 695.

The situation in this case is significantly different from that in *Cooper*. Although ostensibly prompted by the defense argument that the jury could infer the qualifications of the Charlottesville officer, the court actually said there was no evidence that Henshaw had been stopped. This comment was made before the Commonwealth stated the basis for the objection and went beyond what was required to rule on the subsequently stated objection. *See id.* at 477, 100 S.E.2d at 695.

More important, the subsequent instruction could not remove the great prejudice likely to result from the court's comment. The court's remark is at least as damaging as an intimation that particular evidence not objected to by the Commonwealth is inadmissible, *see Dejarnette v. Commonwealth*, 75 Va. 867, 874-75 (1881); or an indication that particular witnesses are unworthy of belief, *Holober v. Commonwealth*, 191 Va. 826, 839-41, 62 S.E.2d 816, 821-23 (1951); or a statement that the defendant has committed some procedural error, *McLane v. Commonwealth*, 202 Va. 197, 202-205, 116 S.E.2d 274, 279-81 (1960), or has intimi-

dated a witness, *Pinn v. Commonwealth*, 166 Va. 727, 730-32, 186 S.E. 169, 170 (1936), or has moved to strike the entire venire for cause, *Wilson v. Commonwealth*, 2 Va. App. 134, 138-39, 342 S.E.2d 65, 67-68 (1986). We conclude, therefore, that the improper comment by the court was prejudicial error. Because Henshaw was denied the right to a fair and impartial trial, *see Spear v. Commonwealth*, 213 Va. 599, 601, 194 S.E.2d 751, 753 (1973), we hold that the court abused its discretion in denying the motion for a mistrial.

The judgment is reversed for the reasons expressed above and the case remanded to the circuit court for a new trial if the Commonwealth is so advised.

*Reversed and remanded.*

Keenan, J., and Moon, J., concurred.