# CIRCUIT COURT OF THE CITY OF DANVILLE

Caldonia Ellis
and Rose Standfield,
attorneys in fact

v.

Danville Regional
Medical Center et al.

July 1, 2008

Case No. (Civil) 08-004

BY JUDGE DAVID A. MELESCO

This matter comes before the Court on the defendant's motion for leave to submit its answer late. The plaintiff served the defendant's registered agent on March 4, 2008. Rule 3:8 of the state Supreme Court allows a defendant a period of twenty-one days from service of the complaint and summons within which to file a responsive pleading. No responsive pleading was filed by the defendant within this period, which lapsed on March 25, 2008. On April 15, 2008, almost three weeks after this period lapsed and nearly six weeks after being served, the defendant moved for leave to file its answer. The plaintiff opposed the motion, moving for entry of default judgment on April 16, 2008. The arguments of counsel on the motions were heard on May 19, 2008.

In Virginia, "[p]rior to the entry of judgment, for good cause shown the court may grant leave to a defendant who is in default to file a late responsive pleading." Va. Sup. Ct. R. 3:19(b). Rule 3:8 was "adopted in the interest of expediting the maturing and hearing of cases." *Levine v. Lacy*, 204 Va. 297, 302, 130 S.E.2d 443, 447 (1963). If the defendant is unable to show reasonable cause for an extension of the period within which to make a filing, Rule 3:8 is "applied according to [its] terms." *Id*. The decision to permit the late filing of an answer "rests within the sound . . . discretion of the trial court." *Eagle Lodge, Inc. v. Hofmeyer*, 193 Va. 864, 870, 71 S.E.2d 195, 198

(1952); *see Herndon v. Wickham*, 198 Va. 824, 97 S.E.2d 5 (1957). The request to file an answer late may properly be refused if the delay in filing is attributed to "the negligence or carelessness . . . of a party." *Emrich v. Emrich*, 9 Va. App. 288, 293, 387 S.E.2d 274, 276 (1989) (citing *Cooper v. Davis*, 199 Va. 472, 100 S.E.2d 691 (1957)).

Here, the plaintiff filed her complaint on January 3, 2008, naming Danville Regional Medical Center and its owner and operator, Danville Regional Medical Center, L.L.C., defendants. The plaintiff directed that process be served on R. Lee Yancey, the Medical Center's registered agent, and on B. Page Gravely, Jr., the LLC's former registered agent. On or about January 4, 2008, the LLC's Director of Claims was informed by the LLC's counsel of the filing of the complaint. (Gardzina Aff. ¶ 6.) He authorized the LLC's counsel "to monitor the action for service of process and to otherwise protect the interests of [the LLC]." (Gardzina Aff. ¶ 7.) Counsel for the LLC appeared specially on pleadings mailed January 31, 2008, filing a demurrer and a motion to dismiss the claims set forth in the Complaint against the Medical Center.

Having learned that her initial attempt to serve the LLC was not effective, the plaintiff directed that process be served on the LLC's current registered agent, CT Corporation System, which was served on March 4, 2008. On March 4, CT evidently e-mailed the LLC's Director of Claims to notify him of service and the contents of the Complaint. (Gardzina Aff. ¶ 9.) He apparently did not receive this transmission for reasons explained in his affidavit. *Id.* In the meantime, pursuant to the LLC's instructions, counsel for the LLC attempted to monitor the action for service of process. Notes prepared by a paralegal for the LLC's counsel indicate that she contacted the Clerk's Office on January 4 and 10, 2008, and CT on February 15, 19, April 1 and 11, 2008. (Def.'s Ex. 1.) On April 11, CT notified the paralegal of the March 4 service. *Id.*

The defendant relies on *Emrich*, attributing its delayed response to the failure of its system for receiving and responding to service of process and contending that the length of the delay caused by this failure was neither egregious nor prejudicial. *See Emrich*, 9 Va. App. at 293, 387 S.E.2d at 276. In *Emrich*, the defendant did not respond to the plaintiff's divorce complaint because she was induced by the plaintiff's deceptive conduct to believe that he would abandon his divorce suit. *Id.* The state Court of Appeals reversed the trial court's denial of her motion for leave, explaining that "the existence or absence of good cause for the delay, together with other compelling circumstances, control" the court's exercise of discretion. *Emrich*, 9 Va. App. at 292, 387 S.E.2d at 276. The "compelling circumstances" discussed in

*Emrich* include "lack of prejudice to the opposing party, the good faith of the moving party, the promptness of the moving party in responding to the opposing parties' decision to progress with the cause, the existence of a meritorious claim or substantial defense, the existence of legitimate extenuating circumstances, and the justified belief that suit has been abandoned or will be allowed to remain dormant on the docket." *Emrich*, 9 Va. App. at 293, 387 S.E.2d at 276 (citations omitted).

The "compelling circumstances" discussed in *Emrich* are "not exhaustive or necessarily determinative." 9 Va. App. at 293, 387 S.E.2d at 276. Instead, the language of the *Emrich* opinion stresses that, ultimately, "the trial court has discretion to fashion the standard depending on the facts of the particular case, 'it being impossible to lay down a rule which will be binding in all cases'." *Nauman v. Samuels*, 73 Va. Cir. 411 (Charlottesville 2007) (citations omitted). *Emrich* concerned a defendant's failure to timely respond in a divorce suit. In explaining the outcome, the Court of Appeals in *Emrich* cited the state Supreme Court's *Westfall* opinion, which noted "the marked differences between suits for divorce and other suits." *Westfall v. Westfall*, 196 Va. 97, 102, 82 S.E.2d 487, 489-90 (1954). The principal difference is that divorce complaints, pursuant to statute and for reasons of policy, cannot be taken for confessed. *Id.*

The trouble with the defendant's argument is that the opinions of the state's Supreme Court consistently adhere to the principle, observed in *Emrich*, that "[i]nadvertence or failure to exercise due diligence under the circumstances in responding to legal process does not constitute a reasonable or legal excuse for failure to comply with filing requirements." *Emrich*, 9 Va. App. at 292, 387 S.E.2d at 276 (citing *Cooper*, 199 Va. at 476, 100 S.E.2d at 694-95); *see Levine v. Lacy*, 204 Va. 297, 130 S.E.2d 443 (1963)). The defendant's own evidence shows that the LLC was aware of the plaintiff's action as early as January 4, that the LLC failed to adjust its e-mail system to receive messages from its registered agent despite its knowledge of the pending action, and that the LLC's counsel cannot establish that anyone monitored the action for service during the month of March.

The failure of the LLC's system for receiving and responding to service of process, without any showing of circumstances under the facts of this particular case that are sufficiently compelling, does not constitute a reasonable or legal excuse for the LLC's failure to comply with the filing

requirements.[1] *Cf. Media General, Inc. v. Smith*, 260 Va. 287, 534 S.E.2d 733 (2000). "To do justice to both litigants herein, [the Court] must apply the principles of law and adhere to the established rules of practice and procedure . . . for, otherwise, what appears justice to one would appear as injustice to another." *Levine*, 204 Va. at 302, 130 S.E.2d at 446-47 (quoting *McCanna v. Mutual Investment & Agency Co.*, 37 N.M. 597, 598, 26 P.2d 231, 231-32 (1933)). Default judgment on the issue of liability must accordingly be entered in favor of the plaintiff, and the matter will be continued for a proceeding to determine what damages, if any, the plaintiff may recover.

---

[1] *See* The Honorable D. Arthur Kelsey, *Procedural Defaults in Virginia Trial Courts: The Adversarial Model & The Imperative of Neutrality*, VIRGINIA LAWYER, October 2006, at 38, 39 ("[W]hen courts apply procedural rules neutrally to every litigant, to every lawyer, to every case – without partiality – everyone else knows exactly what is expected of them [sic]. To be sure, there is little point in having procedural default rules 'if they amount to nothing more than a juristic bluff – obeyed faithfully by conscientious litigants, but ignored at will by those willing to run the risk of unpredictable enforcement'.") (quoting *Rahnema v. Rahnema*, 47 Va. App. 645, 658, 626 S.E.2d 448, 455 (2006)).