26 P.(2d) 231

## McCANNA v. MUTUAL INVESTMENT & AGENCY CO. et al.

### No. 3821.

Supreme Court of New Mexico.

Oct. 2, 1933.

Rehearing Denied Nov. 13, 1933.

J. S. Vaught, James W. Norment, and Simms & Botts, all of Albuquerque, for appellants.

W. A. Keleher, of Albuquerque, for appellee.

ZINN, Justice.

On July 2, 1930, appellee filed her complaint to quiet title to a tract of land located in Bernalillo county. On August 23, 1930, appellants filed notice, petition, and bond for removal of the cause to the United States District Court for the District of New Mexico, and an order was entered by the district

court of Bernalillo county removing said cause. No other pleadings were filed by appellants in the state court.

On January 12, 1932, the cause was remanded to the district court of Bernalillo county because the United States District Court lacked jurisdiction, and on the same day a default judgment was entered against appellants.

On March 10, 1932, appellants filed a motion to vacate said judgment, alleging that they had a meritorious defense to the complaint, and because the default judgment was rendered the very day the cause had been remanded to the state court.

On March 16, 1932, the trial court entered an order denying and overruling the motion to vacate, for the reason that the appellants had not shown good cause to justify vacating the default judgment, from which final order appellants appeal.

That the district court had jurisdiction to render judgment by default appellants do not question, but contend that the action of the district judge was a clear abuse of discretion.

■ That appellants had a good defense to the complaint is not alone sufficient to justify this court in holding the trial court abused its discretion in refusing to vacate a default judgment.

This case comes clearly within the rule laid down and established in this jurisdiction in the case of Citizens' Light, Power & Telephone Company v. Usnik, 26 N. M. 494, 194 P. 862.

■■ We have held adversely to appellants on every question here presented in the Usnik Case, and we cannot distinguish this case from the Usnik Case. The distinction sought to be made by eminent counsel for appellants that in the Usnik Case the appellee waited thirteen days, whereas in this case the appellee took judgment immediately, does not move us. The right to default is as complete and attaches as fully the very moment the state court resumes jurisdiction after remand as at any time subsequent thereto. Appellee had a legal right to his default judgment at the very moment it was entered.

■ Appellants contend that in justice to their cause, in order to enable them to defend the case on its merits, the order of the trial court be reversed, the judgment vacated, and they be permitted to answer. To do justice to both litigants herein we must apply the principles of law and adhere to the established rules of practice and procedure which are known and established in this jurisdiction, for, otherwise, what seems justice to one would appear as injustice to another. Justice within the law is justice to all. To achieve this end, we must apply the known and established rules of practice and procedure, and not be tempted to deviate from the established course in a particular case. Appellants and appellee are both charged with knowledge of the procedure in a case of this kind. We laid down the rule in 1921, in the Usnik Case, that the party who removes a case to the federal court does so at his peril, and it is incumbent upon him to see that his rights are protected in the state

court in the event that the order of removal is determined by the federal court to have been improper and the case remanded. Unquestionably counsel for appellants were familiar with the law, and in their motion to vacate give no valid excuse for failing to demur or answer at the time of filing their petition for removal, which procedure is clearly pointed out in the Usnik Case. We see no abuse of discretion in the entry of the order of the district court of Bernalillo county denying appellants' motion to vacate the judgment for appellee. The cause will be remanded for appropriate action.

It is so ordered.

WATSON, C. J., and SADLER, HUDSPETH, and BICKLEY, JJ., concur.