## Richmond

ARTHUR LEVINE v. EMILY KATHRYN LACY.

April 22, 1963.

Record No. 5553.

Present, All the Justices.

The opinion states the case.

*A. Andrew Giangreco* and *John A. Beck,* for the plaintiff in error.

*J. Frederick Larrick* and *Marshall A. Martin, Jr. (Wilbur C. Hall,* on brief), for the defendant in error.

BUCHANAN, J., delivered the opinion of the court.

■ The question for decision on this appeal is whether the trial court erred in entering a judgment by default in favor of the plaintiff below against the defendant below, pursuant to Rule 3:19 of Rules of Court.

On February 10, 1961, the plaintiff, Emily Kathryn Lacy, a resident of Loudoun county, Virginia, filed in the Circuit Court of that county a motion for judgment against the defendant, Arthur Levine, of Rockville, Maryland. She alleged that the defendant so negligently drove his automobile that he collided with the automobile being driven by her while stopped in her lane of travel preparatory to making a left turn, and that she thereby received injuries for which she was entitled to recover from the defendant damages in the sum of $25,000.

On February 13, 1961, notice of the motion for judgment with a copy of the motion was duly served on the Commissioner of Motor Vehicles, the statutory agent of the defendant, and duly forwarded by the Commissioner to the defendant by registered mail, all as prescribed by §§ 8-67.1 and 8-67.2 of the Code of Virginia. The defendant says he received the notice and copy of the motion for judgment within a day or two after February 13, 1961.

The defendant filed no pleading in response to the notice of motion for judgment within twenty-one days after service thereof on him as required by Rule 3:5 of Rules of Court.

On March 9, 1961, defendant filed in the United States District Court for the Eastern District of Virginia, a petition and bond for the removal of the case to that court on the ground of diversity of citizenship. Notice of the filing of the petition and bond was mailed to plaintiff's counsel on March 9, 1961, and a copy of the petition was filed in the clerk's office of the Circuit Court of Loudoun county on March 13, 1961, pursuant to Title 28, § 1446(e), United States Code Annotated.

Also on March 9, 1961, defendant filed in the United States District Court a document titled "Defendant's Answer and Counterclaim," a copy of which was mailed to plaintiff's counsel and a copy was filed

in the clerk's office of the Circuit Court of Loudoun county on March 13, 1961.

By an order entered by the United States District Court on September 26, 1961, the case was remanded to the Circuit Court of Loudoun county. A copy of the order was received and recorded in the clerk's office of the latter court on October 4, 1961.

On October 9, 1961, the Circuit Court of Loudoun county, on motion of the plaintiff, entered its order finding that more than twenty-one days had elapsed after service of process on the defendant without an answer being filed, awarding to plaintiff a judgment by default, and appointing October 25, 1961, for hearing evidence and fixing the amount of damages. However, on October 18, 1961, being the date on which defendant filed a motion to set aside the default judgment, the court heard plaintiff's evidence and granted judgment to the plaintiff in the sum of $9,000. The finality of this order was vacated and execution on the judgment stayed by subsequent orders until February 26, 1962, when defendant's motion of October 18, 1961, and his amended motion filed October 27, 1961, to set aside the default judgment, were denied and the judgment made final by order of that date, from which the defendant now appeals.

In his assignments of error the defendant says that the court erred (1) in entering a judgment by default and in hearing evidence as to damages without notice to the defendant; and (2) in denying defendant's motion to set aside the default judgment and permit a trial on the merits.

Rule 3:5 of Rules of Court provides that a defendant may within twenty-one days after service on him of the notice of motion for judgment file in the clerk's office his pleadings in response, and if he fails to file a pleading he is in default.

Rule 3:19 of the Rules of Court is as follows:

"A defendant who fails to plead to a notice of motion for judgment within the required time is in default. He is not entitled to notice, including notice to take depositions, of any further proceedings in the case. He waives trial by jury and all objections to the admissibility of evidence. The court shall, on motion of plaintiff, enter judgment for the amount appearing to the court to be due. If the relief demanded is unliquidated damages the court shall hear evidence and fix the amount thereof, unless the plaintiff demands trial by jury, in which event, a jury shall be impaneled to fix the amount of damages."

The defendant would escape the consequences of his failure

to comply with Rule 3:5, of which he was specifically notified, as required by Rule 3:3, when served with process, on the ground that "an examination of the file revealed the defendant's Answer and Counterclaim". This referred to the answer and counterclaim filed in the Federal court, a copy of which was received and marked filed by the clerk of the State court on March 13, 1961. Even if this document could be considered as a responsive pleading to the motion for judgment in the State court, it was not filed in that court within twenty-one days after service of the notice of motion for judgment as required by Rule 3:5. As stated, service was made on February 13 and the document was not filed in the State court until March 13. The twenty-one days had in fact elapsed before it was filed in the Federal court on March 9.

Title 28, § 1446(e), U.S.C.A., *supra*, provides that after the removal is effected "the State court shall proceed no further unless and until the case is remanded". After compliance with the removal statute the jurisdiction of the State court is suspended until there has been a remand, *Lowe* v. *Jacobs*, 5 Cir., 243 F. 2d 432, and cases there cited; and in the interim pleadings cannot be effectively filed in the State court, *Hopson* v. *North American Ins. Co.*, 71 Idaho 461, 233 P. 2d 799, 25 A.L.R. 2d 1040, and Anno. 1045; *Beleos* v. *Life & Casualty Ins. Co.*, (DC S.C.), 161 F. Supp. 627.

In addition to the copy of the answer and counterclaim, says the defendant, "there was on file the plaintiff's Answer to the defendant's Counterclaim". There is in the court file what purports to be a copy of the plaintiff's reply to the defendant's counterclaim as filed in the Federal court. It appears to have been mailed to the clerk of the Federal court on March 23, 1961, by counsel other than the counsel who represented the plaintiff in the motion for judgment. It was not filed in the State court at any time, so far as appears from this record, and was of no effect with respect to the State court proceeding. There is also in the record an order entered by the Circuit Court on November 16, 1961, dismissing with prejudice the counterclaim of the defendant against the plaintiff, the order reciting that the matters at issue in the counterclaim had been compromised and settled. This order was not endorsed as required by Rule 3:16 by counsel who represented the plaintiff in this motion for judgment and it is not indicated that plaintiff or her counsel had any knowledge of it. It could have no effect on the default judgment previously entered for the plaintiff on October 18, 1961.

Clearly the defendant was in default when the case was remanded

on September 26, 1961. Under the specific terms of Rule 3:19, *supra*, he was not entitled to notice of any further proceedings in the case, including the time of hearing evidence as to damages, and the fixing of the amount thereof by the court. Nothing that appears in the record affords any basis for the contention of the defendant that the plaintiff waived her right to the default judgment under Rule 3:19. Cf. *The Covington Virginian* v. *Woods*, 182 Va. 538, 547 *ff.*, 29 S. E. 2d 406, 410-11; 92 C.J.S., Waiver, pp. 1041 *ff.*

█ On his second assignment the defendant contends that the court should have extended the time for his filing of responsive pleadings as permitted by Rule 3:13, which provides that the time allowed for filing pleadings may be extended by the court in its discretion, even though the time fixed has already expired. However, as pointed out by plaintiff in her brief, no motion was ever made for such an extension nor any reason given for exercising such discretion. Defendant's argument is that our Rules should be construed so as to do substantial justice, and that the trial court under the circumstances should have set aside the default judgment and permitted "a trial of the issues".

Rules 3:5 and 3:19 are plain and need no construing. The defendant must file his responsive pleading within the twenty-one days prescribed by Rule 3:5 or suffer the consequences prescribed by Rule 3:19 unless the filing time is extended by the court at its discretion. As stated, the court was not requested to exercise that discretion. Defendant's motion and amended motion requested the court to set aside the default judgment primarily because of the proceedings in the Federal court. During that period all proceedings in the State court were suspended and defendant's motions offered no excuse for failing to file responsive pleadings in the State court in the time required, and presented no reason, in fact no request, for extending that time. Defendant's effort to remove the case to the Federal court cannot restore to him a right already lost to file pleadings in the State court.

In *Cooper* v. *Davis*, 199 Va. 472, 100 S. E. 2d 691, the trial court rejected defendant's grounds of defense and affidavit filed some months after the entry of a default judgment because they did not present a reasonable excuse for the defendant's failure to act within the time required by Rule 3:5, and defendant was not allowed to defend on the merits in a subsequent jury trial to assess damages. We affirmed the judgment and said:

"The trouble with the defendant's contention is that his diligent

pursuit for judicial relief was begun too late. Rule 3:5 'contemplates and requires that a defendant file his responsive pleadings "within twenty-one (21) days after service on him of the notice of motion for judgment." ' (*Herndon* v. *Wickham*, 198 Va. 824, 826, 97 S. E. 2d 5, 7.) The notice of motion for judgment served on the defendant, prepared in accordance with Rule 3:3, so told him in plain language. Yet the defendant made no attempt to file the required pleadings for more than four months after the service of the notice on him." 199 Va. at 476, 100 S. E. 2d at 694.

In *McCanna* v. *Mutual Investment & Agency Co.*, 37 N. M. 597, 26 P. 2d 231, a case brought in the State court was removed to a Federal court and was afterwards remanded to the State court where a default judgment was entered against defendants. Defendants later filed a motion to vacate the judgment, alleging that they had a meritorious defense and that the default judgment was rendered on the day the case was remanded. Their motion was overruled and defendants appealed, contending that in justice to their cause they should be allowed to defend on the merits. In affirming the trial court's decision the Supreme Court said:

"* * To do justice to both litigants herein we must apply the principles of law and adhere to the established rules of practice and procedure which are known and established in this jurisdiction, for, otherwise, what seems justice to one would appear as injustice to another. Justice within the law is justice to all. * *." 37 N. M. at 598, 26 P. 2d at 231-2.

Rules 3:5 and 3:19 were adopted in the interest of expediting the maturing and hearing of cases. A defendant is warned when he is served with process as to the time within which he must make his response. He may have an extension of that time if he makes proper application and shows reasonable cause therefor. Otherwise the Rules are to be applied according to their terms.

We find no error in the action of the trial court and the judgment appealed from is accordingly

*Affirmed.*