## CIRCUIT COURT OF FAIRFAX COUNTY

Percy Harrelson et al.

v.

William Bock et al.

March 5, 1996

Case No. (Chancery) 141331

BY JUDGE STANLEY P. KLEIN

This matter is before the Court on Plaintiffs' Motion for Default which was set on this Court's Motions Day Docket on Friday, March 1, 1996. After considering Plaintiffs' Motion and the authorities cited, the Court declines to enter default judgment at this time.

Plaintiffs filed this case in this Court on September 25, 1995. On October 25, 1995, Bernard Corbett, Esq., entered an appearance on behalf of all four defendants by filing a praecipe with this Court noting that the case had been removed to the United States Bankruptcy Court for the Eastern District of Virginia.[1] On November 7, 1995, by order of the United States Bankruptcy Court, the case was remanded to this Court. The Defendants have never filed any responsive pleadings in this cause. Under Rule 2:7 of the Rules of the Virginia Supreme Court, default occurs if a defendant does not file a pleading within 21 days after service. Based on these facts, Defendants are currently in default and under Rule 2:8, the Bill of Complaint is taken for confessed.

Though default has occurred in this case, the requisite notice for the Court to entertain Plaintiff's Motion for Default has not been provided to defense counsel. "No notice . . . of any other proceedings shall be required to be given to any defendant as to whom a bill stands taken for confessed

---

[1] The Court notes that service of process was not proper on Defendant Gerald A. Kidwell, as the Proof of Service form indicates delivery was made to Bernard Corbett. However, counsel entered an appearance on behalf of all defendants, including Mr. Kidwell, and therefore, any defect in service was waived.

. . . except that written notice of any further proceedings shall be given to defendant's counsel of record, if any." Va. S. Ct. Rule 2:17; *see also* Va. S. Ct. Rule 1:12. Mr. Corbett entered an appearance for all four defendants when he filed the praecipe, and therefore, he is counsel of record to whom notice of this Motion for Default must be provided before the Court can properly enter any order.

Plaintiffs' reliance on *Levine v. Lacy*, 204 Va. 297 (1963), for the proposition that no notice is required once default occurs is misplaced. In *Levine*, defense counsel merely filed a copy of the petition for removal to the bankruptcy court with the circuit court. *Id.* at 298. As no pleading was filed in the chancery action, no appearance was entered on behalf of the Defendant. Moreover, since the Supreme Court's decision in *Levine*, the Supreme Court Rules have been modified to require written notice to counsel of record for Defendants even in default situations.[2] Therefore, this Court will not entertain a motion for default judgment against the Defendants unless written notice has been provided to their counsel of record, Mr. Corbett.

---

[2] In *Levine v. Lacy*, the Supreme Court construed Rule 3:19, which no longer exists. Rule 3:19 set forth the consequences when a defendant defaults in a law case. The comparable rule today is Rule 3:17 which is identical to Rule 2:17 on the chancery side in that it requires written notice of any further proceedings be given to defendant's counsel of record.