## CIRCUIT COURT OF ROCKINGHAM COUNTY

J. B. Rhodenhizer
Construction, Inc.

v.

Jupiter McGill
Housing Group, L.L.C.

October 28, 1999

Case No. 99-11715

BY JUDGE JOHN J. MCGRATH, JR.

The facts of this case are fairly simple. On May 14, 1999, Plaintiff filed a motion for judgment against Jupiter McGill Housing Group, L.L.C. Proof of service indicates that the Notice for Judgment was served on the Defendant through the Secretary of the Commonwealth on May 26, 1999. Rule of Court 3:5 provides the Defendant with 21 days from May 28, 1999, in which to file a responsive pleading; the 21-day period expired on June 18, 1999. Plaintiff filed a Notice and Motion for Entry of Judgment by Default on July 6, 1999. Defendant subsequently filed a Motion for an Enlargement of Time in Which to File Responsive Pleadings and their Answer and Grounds of Defense to Plaintiff's original claim on July 20, 1999. This court must decide whether to grant Defendant's motion and allow them additional time in which to file their answer or to find them in default. This court finds that because the Defendant has not shown "excusable neglect," they are, in fact, in default, and this court will grant Plaintiff's Motion for Entry of Judgment by Default.

Defendant contends that the proper standard with which to determine this case is whether or not there has been prejudice to the plaintiff. In support of this contention, they cite to numerous cases, various ones claiming that the proper standard to use in such a case is that of plaintiff's prejudice. Despite the litany of cases provided to the court by the defendant, the court is not

convinced that the opinion of the Supreme Court of Virginia is plaintiff prejudice. In fact, the vast majority of the cases provided by the defense are from other circuits in Virginia, and although they are persuasive, they are not binding on this court. On the contrary, the plaintiff has provided this court with numerous, more recent, binding decisions stating the standard in cases such as these is that of excusable neglect.

In 1963, in the case of *Levine v. Lacy*, the Supreme Court of Virginia stated "the defendant must file his responsive pleading within the twenty-one days ... or suffer the consequences ... unless the filing time is extended by the court at its discretion." *Levine v. Lacy*, 204 Va. 297, 301, 130 S.E.2d 443, 446 (1963). In *Levine*, the defendant failed to answer the motion for judgment within the 21-day period prescribed by law. In affirming the trial court's refusal to extend the filing time, the court stated that a defendant may have an extension of time if he "makes proper application and shows reasonable cause therefor." *Id*. Furthermore, in the course of their decision, the court reaffirmed a prior Supreme Court decision, *Cooper v. Davis*, in which the court found that because the defendant "did not present a reasonable excuse for the defendant's failure to act within the time required by Rule 3:5," the court was correct in refusing to extend the time limit. *Id*. (citing *Cooper v. Davis*, 199 Va. 472, 11 S.E.2d 691).

The *Levine* court also adopted a New Mexico decision in which the defendant contended that "in justice" to their cause, the appellate court should reverse the default judgment against them and allow them to defend their cause. *Id*. (citing *McCanna v. Mutual Investment & Agency Co.*, 37 N.M. 597, 26 P.2d 231). In *McCanna*, the New Mexico court stated that "to do justice to both litigants herein, we must apply the principles of law and adhere to the established rules of practice and procedure which are known and established in this jurisdiction, for otherwise, what seems justice to one would appear as injustice to another. Justice within the law is justice to all." *Id*. (quoting *McCanna, supra,* at 598, 26 P.2d at 231-2). The *Levine* Court continued, stating:

> Rules 3:5 and 3:19 were adopted in the interest of expediting the maturing and hearing of cases. A defendant is warned when he is served with process as to the time within which he must make his response. He may have an extension of that time if he makes proper application and shows reasonable cause therefor. Otherwise, the Rules are applied according to their terms.

*Id*. at 302.

In 1984, the Supreme Court of Virginia approached the issue again in *Blinder v. S.C.C.*, 227 Va. 24, 313 S.E.2d 652 (1984). In this case, plaintiff appealed from a default judgment of the State Corporation Commission. The trial court found that the Defendant's actions in relying on the statement of a State Corporation Commission employee, rather than an official from the Commission, telling him he would get extra time to file a response was inexcusable neglect. Because of this, the court affirmed the default judgment. *Id.* at 29.

Finally, in 1989, the Court of Appeals decided *Emrich v. Emrich*, a case relied on by the defense in support of their opinion. *Emrich v. Emrich*, 9 Va. App. 288, 387 S.E.2d 274 (1989). While it is true that the *Emrich* court states that circumstances that support an extension of time include "lack of prejudice to the opposing party," the defense has failed to give complete view of this case. The *Emrich* court continues with their list of "circumstances" to include "the good faith of the moving party, the promptness of the moving party in responding to the opposing parties' decision to progress with the cause, the existence of a meritorious claim or substantial defense, *the existence of legitimate extenuating circumstances* ... . *Id.* at 293 (citations omitted) (emphasis added). More importantly, however, the Court states that the:

> Trial court may properly refuse an extension where the delay is due to negligence or carelessness on the part of a party. *Cooper v. Davis*, 199 Va. 472, 476, 100 S.E.2d 691, 694-95 (1957). Inadvertence or failure to exercise due diligence under the circumstances in responding to legal process does not constitute a reasonable or legal excuse for failure to comply with filing requirements. *Id.* at 476, 100 S.E.2d at 694-95.

*Id.* Furthermore, the court states that "the existence or absence of good cause for the delay, together with other compelling circumstances, control the determination" of whether or not to grant such an extension. *Id.*

Following the aforementioned cases, it is quite clear to this court that the correct standard to consider when ruling on a request for an extension of time in which to file an answer is that of excusable neglect. In this case, the Motion for Judgment was received by Defendant, a large national real estate development company, but the receiving office did not consider the matter significant and failed to take appropriate action. For a large company transacting business throughout the country not to have its staff trained to recognize legal process is not "excusable" neglect. Therefore, default judgment on the issue of liability will be entered in favor of plaintiff, and the

case will be continued for a hearing on what damages, if any, may be recovered by the Plaintiff.

The clerk of the court is ordered to send certified copies of this order to Grant A. Richardson, Esq., counsel for plaintiff, and Joseph W. Wright, III, Esq., counsel for defendant.