Omega Leasing Corporation ("Omega") appeals from the Jefferson Circuit Court's refusal to domesticate a default judgment in Omega's favor obtained in a Virginia trial court — and upheld by the Virginia Supreme Court — against Movie Gallery, Inc. ("Movie Gallery"). The Jefferson Circuit Court held that the issue of personal jurisdiction was not "fully and fairly litigated" in Virginia. We disagree, and we reverse and remand.
 I. Principles of Law and Standard of Review
Article IV, § 1, of the Constitution of the United States requires that "[f]ull faith and credit shall be given in each state to the . . . judicial proceedings of every other state." In Durfee v. Duke,375 U.S. 106, 109 (1963), the United States Supreme Court interpreted this provision, known as the Full Faith and Credit Clause, as follows:
 "Full faith and credit thus generally requires every State to give to the judgment at least the res judicata effect which the judgment would be accorded in the State which rendered it."
Furthermore, the Court made it clear that whether a state extends full faith and credit to a judgment of another state depends only upon the existence of a full and fair litigation in the foreign state of the issues resolved by that judgment:
 "[A] judgment is entitled to full faith and credit — even as to questions of jurisdiction — when the second court's inquiry discloses that those questions have been fully and fairly litigated and finally decided in the court which rendered the original judgment."
Durfee, 375 U.S. at 111.
The nature of our review of the legal conclusions of a trial court is de novo. City of Russellville Zoning Bd. of Adjustment v. Vernon,842 So.2d 627 (Ala. 2002). However, given the above principles, thescope of our review in this case is limited to examining whether the issue of personal jurisdiction was "fully and fairly litigated and finally decided" in Virginia.
 II. Facts
The Circuit Court of Chesterfield County, Virginia, summarized the proceedings before it as follows:
 "[Omega] initiated this action by filing a Bill of Complaint against M.G.A., Inc. (`MGA'), Video World of Virginia (`Video World') [both MGA and Video World are wholly-owned subsidiaries of Movie Gallery] and Thomas Jackson. MGA and Video World timely filed an Answer. After discovery, Omega sought leave to add a new defendant, namely, [Movie Gallery]. Omega set a hearing for July 29, 1997 on [its] motion. At this hearing, MGA and Video World raised, for the first time, two issues: 1) whether the Court has jurisdiction over [Movie Gallery] and 2) whether the bill of complaint stated a sufficient cause of action for fraud. MGA and Video World did not notice Omega that these issues would be raised nor did either MGA or Video World file a written demurrer contesting the sufficiency of the fraud claim.
 "Omega's Motion for Leave to Add Movie Gallery was granted by opinion letter dated July 31, 1997. Seven days later and before Omega filed the Amended Bill of Complaint, MGA and Video World demurred to the not yet filed Amended Bill of Complaint. *Page 423 
 "Approximately one month later, Omega filed the Amended Bill of Complaint adding Movie Gallery as a defendant. MGA and Video World were both served with the Amended Bill of Complaint listing all three defendants by name. Additionally, copies of the Amended Bill of Complaint were sent directly to counsel for the defendants.
 "Proper service on Movie Gallery was effected through the Secretary of the Commonwealth on September 9, 1997. While MGA and Video [World] filed their demurrer prematurely, Movie Gallery failed to respond at all. Thus, on November 21, 1997, Omega filed a Motion for Default Judgment against MGA, Video World and Movie Gallery. Four days later, MGA, Video World and Movie Gallery filed a Motion for Leave to File Demurrer and Answer. This was Movie Gallery's first appearance in this case."
(December 15, 1997, opinion letter of the Chesterfield Circuit Court, Virginia.)
The court granted a default judgment in favor of Omega, finding that Movie Gallery had been properly served but had failed to properly respond:
 "Rules 3:5 and 3:17 [Virginia Rules of Court] are plainly clear. `The defendant must file his responsive pleading within 21 days prescribed by Rule 3:5 or suffer the consequences prescribed by Rule 3:19 (now 3:17) unless the filing time is extended by the court at its discretion.' Levine v. Lacy, 204 Va. 297, 301[, 130 S.E.2d 443, 446 (1963)]. The defendants' motion asks this Court to deny the default judgment as to Movie Gallery primarily because they say that Movie Gallery never physically received the service of process effected through the Secretary of the Commonwealth. The Court finds the defendants' excuse to be unreasonable.
 "Movie Gallery concedes that the service of process made through the Secretary was valid. Movie Gallery does not deny that [its] counsel knew that Omega had been granted leave to add [Movie Gallery] as a defendant. Although representing MGA and Video World, Movie Gallery's counsel was present at the hearing on the leave to add Movie Gallery as a defendant. Counsel received an opinion letter dated July 31, 1997 advising them that leave had been granted. Counsel manifested their understanding that an amended bill of complaint was granted by filing a premature demurrer to an `Amended' Bill of Complaint.
 "Additionally, counsel for Omega represented that they sent copies of the Amended Bill of Complaint naming Movie Gallery as a defendant to counsel for Movie Gallery. Omega's representation was uncontested. For these reasons, the Court finds that there was no reasonable excuse for Movie Gallery's failure to act within the time allowed."
Id.
Regarding its exercise of personal jurisdiction over Movie Gallery, the court stated:
 "[Movie Gallery's] memorandum of law in support of [its] Motion for Leave to File Demurrer and Answer claims '[t]he Court's opinion [letter granting the amendment of Omega's complaint to add Movie Gallery] did not address . . . whether Movie Gallery is subject to personal jurisdiction.' . . . The Court did address the subject of jurisdiction. By allowing the plaintiff leave to add Movie Gallery, the Court implicitly resolved the jurisdictional issue."
Id. (emphasis added).
Movie Gallery filed a petition for appeal in the Virginia Supreme Court; its *Page 424 
petition specifically raised, among other things, the issue whether the trial court had erred "in `implicitly' ruling that Movie Gallery is subject to personal jurisdiction in Virginia." (Movie Gallery's petition for appeal to the Virginia Supreme Court.) The Virginia Supreme Court refused to grant an appeal, stating in its order:
 "Upon review of the record in this case and consideration of the argument submitted in support of and in opposition to the granting of an appeal, the Court is of opinion there is no reversible error in the judgment complained of. Accordingly, the Court refuses the petition for appeal."
(Emphasis added.) The court subsequently denied Movie Gallery's request for a rehearing.[1]
Subsequently, Omega sought to domesticate the judgment in Alabama by filing a "Notice of Filing Foreign Judgment" in the Jefferson Circuit Court. In response, Movie Gallery moved to set aside the foreign judgment, arguing that the Alabama court need not extend full faith and credit to the Virginia judgment because, it argued, the Virginia trial court had no personal jurisdiction over Movie Gallery. The Jefferson Circuit Court granted Movie Gallery's motion, holding that "the issue of the Chesterfield County, Virginia Circuit Court's personal jurisdiction over [Movie Gallery] was not fully and fairly litigated by the Virginia Court and, thus, the judgment of that Court is not entitled to full faith and credit by this Court, nor will it be enrolled." This appeal followed.
 III. Analysis and Conclusion
We hold that the issue whether the Virginia Circuit Court had personal jurisdiction over Movie Gallery was "fully and fairly litigated and finally decided" in Virginia. As stated above, at a hearing on Omega's motion to add Movie Gallery as a defendant, M.G.A., Inc., and Video World of Virginia (wholly owned subsidiaries of Movie Gallery) raised the issue whether the court had personal jurisdiction over Movie Gallery. The Virginia trial court allowed the amendment, later stating that in doing so the court had "implicitly" resolved the jurisdictional issue. The trial court's resolution of the jurisdictional issue was then properly and specifically raised as error on appeal to the Virginia Supreme Court, which, in refusing to grant the appeal, found "no reversible error." These facts indicate that the issue of personal jurisdiction over Movie Gallery was sufficiently litigated by the Virginia courts and that the Virginia judgment is entitled to full faith and credit in the State of Alabama. We therefore reverse the judgment of the Jefferson Circuit Court and remand the case for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
MOORE, C.J., and LYONS, JOHNSTONE, and WOODALL, JJ., concur.
[1] It is undisputed that the Virginia judgment is a final judgment for the purposes of res judicata. See Faison v. Hudson, 243 Va. 413, 419,417 S.E.2d 302, 305 (1992) (stating that "a judgment is not final for the purposes of res judicata or collateral estoppel when it is being appealed or when the time limits fixed for perfecting the appeal have not expired"). *Page 425