**Randall J. WHITE, Plaintiff,**

v.

**Lawrence Dean LIVELY,
et al., Defendants.**

**No. 1:03 CV 00138.**

United States District Court,
W.D. Virginia,
Abingdon Division.

Feb. 12, 2004.

Mary Lynn Tate, The Tate Law Firm, Abingdon, Virginia, for Plaintiff.

Bradley W. Fitzgerald and Mark D. Loftis, Woods Rogers PLC, Roanoke, Virginia, for Defendants.

## OPINION AND ORDER

JONES, District Judge.

In this diversity case removed from state court, the plaintiff contends that the defendants did not timely file a notice of removal. In addition, the plaintiff asserts

that because the defendants did not file responsive pleadings in state court before removal, this court should enter default judgments. I find that the defendants properly complied with the applicable procedural requirements and deny the plaintiff's requests.

## I

This action was filed by the plaintiff, Randall J. White, on October 29, 2002, in the Circuit Court of the City of Bristol, Virginia, seeking damages in the amount of $750,000 for injuries allegedly suffered in a motor vehicle accident that occurred on October 31, 2000, in this judicial district. The defendants, Lawrence Dean Lively, the driver of the other vehicle, and Pacific Motor Transport Company, his employer at the time, were not residents of Virginia.

On September 17, 2003, nearly a year later, appropriate process in relation to the lawsuit was served on the Commissioner of the Department of Motor Vehicles of Virginia ("Commissioner"), pursuant to the provision of Virginia law allowing substituted service on nonresident motorists. See Va.Code Ann. § 8.01–308 (Michie 2000). On September 25, 2003, the Commissioner sent a copy of the process by certified mail to the defendants, again pursuant to Virginia law. See id. §§ 8.01–312, –326.1 (Michie 2000). On September 29, 2003, the Commissioner filed in the state court his certificate of compliance with the mailing requirement. See id.

On October 22, 2003, the defendants filed in this court a joint Notice of Removal, basing subject matter jurisdiction on diversity of citizenship and amount in controversy. See 28 U.S.C.A. § 1441(a) (West 1994). Answers by both defendants were filed in this court on the same day. No responsive pleadings were ever filed in state court, but on that same day, October 22, the defendants filed in state court a Motion for Extension of Time to File Responsive Pleadings. On the next day, October 23, the defendants filed in state court a notice of the removal of the action to this court.

Thereafter, on November 14, 2003, the plaintiff filed the present Motion for Entry of Judgment by Default Against Defendants, Alternatively Motion for Remand. The defendants have filed a response and the motion is ripe for decision.[1]

## II

The plaintiff contends that the defendants failed to timely file their Notice of Removal and as a result the case must be remanded to state court.[2]

A notice of removal must be filed within thirty days of receipt by the defendant through formal service of the state court process. See 28 U.S.C.A. § 1446(b) (West 1994); Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 347–48, 119 S.Ct. 1322, 143 L.Ed.2d 448 (1999) (holding that receipt of "courtesy copy" of suit papers does not start thirty-day period). The plaintiff contends that the removal clock started to run when the Commissioner, the defendants' statutory agent, received the suit papers on September 17, and thus the notice of removal, filed on October 22, was untimely.

1. I will dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not significantly aid the decisional process.

2. The plaintiff first seeks a default judgment and only alternatively, a remand to state court. However, the time limit for removal is mandatory, see McKinney v. Bd. of Trs. of Mayland Cmty. Coll., 955 F.2d 924, 925 (4th Cir.1992), and if the Notice of Removal was not timely filed the case should be remanded without further proceedings. Accordingly, I will consider first the timeliness of the Notice of Removal.

■ While there is no decision by the Supreme Court or the Fourth Circuit on point, the overwhelming view among other courts is that service on a statutory agent such as the Commissioner does not start the running of the thirty-day removal period. *See Lilly v. CSX Transp., Inc.*, 186 F.Supp.2d 672, 673–74 (S.D.W.Va.2002) (reviewing cases). I agree with the reasoning of those courts that because statutory agents for service of process are not true agents, it would be contrary to the plain meaning of the removal statute to limit a defendant's removal period before actual receipt of the suit papers. *See* 14C Charles Alan Wright et al., *Federal Practice and Procedure* § 3732, at 288–89 (3d ed.1998) (explaining rationale of majority view).[3]

It is obvious that the receipt of process by the defendant came some time after September 25, the date of mailing by the Commissioner. While the date of actual receipt is not disclosed by the record, the Notice of Removal was filed within thirty days of September 25. I thus find that it was timely filed and deny the motion to remand.[4]

### III

■ Under Virginia procedure, the defendants' responsive pleadings in state court were due on October 20, 2003, twenty-one days after the certificate of compliance was filed in the state court clerk's office. *See* Va. Sup.Ct. R. 3:5. No such responsive pleadings were filed, but on October 22, the Notice of Removal and Answers were filed in this court. No default judgment was entered by the state court prior to removal. The plaintiff argues that because the defendants did not respond in state court within the time permitted by Virginia law, they are in default.

Rule 81(c) provides that

[t]hese rules apply to civil actions ... removed from the state courts and govern procedure after removal.... In a removed action in which the defendant has not answered, the defendant shall answer or present the other defenses or objections available under these rules within 20 days after the receipt through service or otherwise of a copy of the initial pleading setting forth the claim for relief upon which the action is based, or within 20 days after the service of summons upon such initial pleading, then filed, or within 5 days after the filing of the petition for removal, whichever period is longest.

Fed.R.Civ.P. 81(c). The defendants' Answers in this court were filed on the same day as the notice of removal and thus complied with Rule 81(c).[5]

---

**3.** This same reasoning does not apply to cases, unlike this one, where substituted service is made on an agent designated by the defendant. *See Hardy v. Square D Co.*, 199 F.Supp.2d 676, 683–84 (N.D.Ohio 2002) (contrasting situation in which defendant actually selects agent for service of process).

**4.** Under Virginia law, service is not effective on a statutory agent until the certificate of compliance with mailing is filed with the clerk of the court in which the action is pending. Va.Code Ann. § 8.01–326.1. While the interpretation of the removal statute is a question of federal law, this provision of state law supports the proposition that to construe receipt by the statutory agent as receipt by the defendant under the removal statute would be wrong. Virginia could have chosen the date of receipt by the statutory agent, or even the date of mailing by the agent, as the date of service for state law purposes, but instead chose to better preserve the defendant's full response time, doubtless in light of the delays sometimes experienced in receiving mail.

**5.** While Rule 81(c) refers to the "petition" for removal, the petition has been now replaced by a notice. *See* 14C Charles A. Wright, Arthur R. Miller and Edward H. Cooper, *supra*, § 3738, at 402.

While it is true that "[a]ll injunctions, orders, and other proceedings had in such [removed] action prior to its removal shall remain in full force and effect until dissolved or modified by the district court," 28 U.S.C.A. § 1450 (West 1994), no such orders or proceedings were had in this case prior to removal. Rule 81(c) expressly allowed the defendants to answer as they did after removal. I cannot read into Rule 81(c) a proviso that an answer is permitted after removal only if the defendant is not in default under state procedure.[6]

Accordingly, I will deny the motion seeking a default judgment.

### IV

For the foregoing reasons, it is **ORDERED** that the plaintiff's Motion for Entry of Judgment by Default Against Defendants, Alternatively Motion for Remand [Doc. No. 9] is DENIED.

---

**6.** Another judge of this court has held that requests for admission, filed in state court, were deemed admitted when not answered within the time required by state procedure, even though the requests were not refiled after removal. *See Mann v. Metro. Life Ins. Co.*, No. 99–CV–36, 1999 WL 33453411, at *2 (W.D.Va. July 9, 1999) (Conrad, J.). However, there the requests had not been answered even thirty days following removal. The point of the *Mann* opinion was that the requests need not be refiled. In addition, of course, there is no provision applicable to discovery requests that is comparable to Rule 81(c)'s allowance for the time to answer. Of course, any prudent defendant ought to answer in state court within the time permitted by state law, if possible, even if the case is removed, since if the case is thereafter remanded by the federal court, the state court may then enter a default judgment. That is exactly what happened in *Levine v. Lacy*, 204 Va. 297, 130 S.E.2d 443, 445–46 (1963).