# CIRCUIT COURT OF THE CITY OF RICHMOND

Debra M. Wynn

v.

Allstate Life
Insurance Co.

Case No. LT-154-1

BY JUDGE MELVIN R. HUGHES, JR.

June 16, 2005

This case has come before the court on the parties' competing motions, Plaintiff's Motion for Default Judgment and Defendant's Motion for an extension of time to file responsive pleadings.

The case involves two unsuccessful attempts to have the case removed to federal court. Following the filing of the Motion for Judgment on January 21, 2005, Defendant was served on January 27, 2005. On February 16, 2005, the case was removed to federal court. By order dated February 25, 2005, the federal court denied the removal and remanded the case to this court. This was followed by a second attempt to remove dated March 18, 2005. Again, the federal court by order dated March 24, 2005, denied the removal and remanded the case to this court. In the meantime, Plaintiff filed her Motion for Default Judgment on March 31, 2005. Defendant filed a Grounds of Defense on March 31, 2005.

Defendant argues, *inter alia*, that, in light of its filings in the federal court, setting out its responses to the allegations in the Motion for Judgment, it cannot be said that it has ignored the case. Thereby Plaintiff has been informed of its defenses. Thus, Plaintiff cannot claim prejudice. More recently, by letter dated May 31, 2005, Defendant contends it is not in default and the proceedings here and in federal court are one and the same with an Answer having been filed

in federal court. The case involves a claim for payment under a life insurance policy and a request for declaratory relief that the policy remains in effect. Defendant, the insurer, resists both claims on the ground that payment received after the policy lapsed cannot serve to reinstate the policy without an application.

In *Levine v. Lacy*, 204 Va. 297, 130 S.E.2d 443 (1963), the court set out the guiding principles that apply when a default judgment is sought and the motion is resisted by a request to allow the filing of late pleadings. The court said the rules:

> were adopted in the interest of expediting the maturing and hearing of cases. A defendant is warned when he is served with process as to the time within which he must make his response. He may have an extension of that time if he makes proper application and shows reasonable cause therefor. Otherwise the Rules are to be applied according to their terms.

*Id.* at 302, 130 S.E.2d at 447. In *Levine,* the court quoted with approval a New Mexico case where the court there refused to set aside a default judgment obtained after the case was removed to federal court and remanded to state court. *Id.* at 302. The facts in *Levine* also involve a removal to federal court. The *Levine* court found that, upon removal, the proceedings in state court are suspended. But as here, by the time of the removal, in this case the second removal, the twenty-one days for a response had elapsed. Otherwise, the court has said that excusable neglect is not the standard to apply in evaluating whether a plaintiff is entitled to default judgment in the face of a motion to vacate. *Media General, Inc. v. Smith*, 260 Va. 287, 534 S.E.2d 723 (2000). Accordingly, under the dictates of *Levine,* the court cannot consider the proceedings here and in federal court as one proceeding. This defendant has not made out reasonable cause for an extension of time nor can the proceedings be considered a continuum such that the Answer filed in the federal court can stand for responsive pleadings under the Virginia Rules of Court. Therefore, Plaintiff's motion will be granted and Defendant's denied.

## September 23, 2005

This case is before the court on the Defendant's request to reconsider a June 16, 2005, ruling granting Plaintiff judgment by default and denying Defendant's Motion for an extension of time to file responsive pleadings. The case has again been briefed and argued followed by follow-up letters from both sides in support of their positions. The case involves a dispute over whether Defendant is in default after two successive attempts to remove to federal court.

Except for the error acknowledged by the court regarding the date of filing of the Motion for Default Judgment, March 21 instead of March 31, the dates regarding the filings of the initial pleadings and the two remands initiated by the Defendant are the same as reported. However, there are two additional observations to be made on the chronology. One, the proof of service reflects that service was made on January 27, 2005, not January 26 as stated in my letter of June 16, 2005. Two, Defendant's motion for leave to file responsive pleadings was filed May 2, 2005. All the relevant filings are summarized as follows:

January 27, 2005: Service was made on Defendant's registered agent. Note that Plaintiff in her Motion for Default Judgment stated that Defendant was personally served through its agent on January 26, 2005. However, the date stamp used by the Sheriff's Office on the reverse of the Proof of Service in the court file shows that January 27, 2005, is the date of service.

February 17, 2005: Twenty-one days later, Defendant filed in this court a Notice of Filing of Notice of Removal.

February 25, 2005: Case remanded.

March 18, 2005: Twenty-one days following remand of the case, Defendant filed in this court a Notice of Filing of Second Notice of Removal.

March 21, 2005: Plaintiff filed a Motion for Default Judgment.

March 24, 2005: Case remanded.

March 31, 2005: Sixty-three days after Plaintiff served her Motion for Judgment on Defendant, Defendant filed a Grounds for Defense in this court.

May 2, 2005: Ninety-five days after Plaintiff served her Motion for Judgment on Defendant, Defendant filed a Motion for Leave to File Late Response.

June 16, 2005: This court rules, granting Plaintiff default judgment and denying Defendant's Motion for Leave to File Late Response.

July 7, 2005: Defendant filed Motion for Reconsideration of the court's Order of June 16, 2005.

September 12, 2005: Hearing on Defendant's Motion for Reconsideration.

As before, Defendant argues that (1) it is not in default and (2) if it is in default, the court should not allow a default judgment because in the exercise of discretion, no prejudice to Plaintiff is evident.

Despite Defendant's claim of no prejudice, the court finds that Plaintiff has suffered prejudice. This case could have been well on the way to resolution with a trial date secured and any other disposition by then entertained in advance of the trial date. While Defendant is ready to expedite the proceedings this cannot be readily accomplished because the court labors under increasing

burdens involving other cases, which have been filed and matured in the meantime. Due to the inordinate delay imposed by Defendant, Plaintiff has suffered prolonged litigation and a lack of resolution. The administration of justice requires efficiency and finality.

The United States District Court for the Western District of Virginia has prompted litigants contemplating removal to submit responsive pleadings in state court *in addition to* removing a cause to federal court:

> Of course, any prudent Defendant ought to answer in state court within the time permitted by state law, if possible, even if the case is removed, since, if the case is thereafter remanded by the federal court, the state court may then enter a default judgment. This is exactly what happened in *Levine v. Lacy*, 204 Va. 297, 130 S.E.2d 443, 445-46 (1963).

*White v. Lively*, 304 F. Supp. 2d 829, 832 (W.D. Va. 2004).

This assessment agrees with this court's position that pleadings filed in a federal court for Defendant do not stand for responsive pleadings due in a state court, contrary to Defendant's argument based on authorities from other states' courts. The admonition applies here.

Accordingly, I must adhere to the view that Defendant is in default and that there is no reasonable basis to allow this Defendant an extension. The Motion for reconsideration is denied.