# CIRCUIT COURT OF ROCKINGHAM COUNTY

Linda Jarrell
and Robert Jarrell

v.

All Wood Flooring, L.L.C.

July 13, 2015

Case No. CL15-452

BY JUDGE CLARK A. RITCHIE

This matter was heard on July 10, 2015, in the Rockingham County Circuit Court on the Defendant's Amended Motion To Set Aside Default Judgment and for Leave To File Responsive Pleadings and To Deem Pleadings Filed. The Court heard testimony from witnesses and weighed their credibility. The Court admitted three exhibits on the motion of the Plaintiff without objection by the Defendant. The Court has considered all evidence and argument even if not specifically referenced in this letter. The Court also overruled the Defendant's request to consider the defense's Motion-Application To Refer Case to Arbitration and To Stay Proceedings first and instead ruled that the Motion To Set Aside Default Judgment should be resolved at the outset. The Defendant's objection to this ruling was noted. The Court makes the following findings.

The Defendant All Wood Flooring, L.L.C., is an out-of-state company formed and organized under the laws of Maryland. It is registered by the Virginia State Corporation Commission to do business in the Commonwealth of Virginia. It is a company that specializes in the installation of hardwood flooring.

This case revolves around an issue regarding a contract between the Plaintiffs and the Defendant for the installation of a hardwood floor. After being dissatisfied with the results of the service, the Plaintiff hired counsel, Thomas Hendell, Esq., who sent the Defendant a letter of demand on February 13, 2015. Plaintiffs' former counsel sent two letters, but one was sent to an incorrect address. The February 13, 2015, letter was the one sent to the correct address. The Defendant, by Brandy Perez, concedes that it received this letter of demand. However, no action was taken at that time.

After not hearing back from the Defendant, Hendell filed a complaint on February 25, 2015. The complaint alleges four counts as actions for recovery: breach of contract, breach of warranty, violation of the Virginia Consumer Protection Act, and improper and dishonest conduct while a regulant of the Virginia Board of Contractors. The registered agent, Incorp Services, Inc. ("Incorp"), of the Defendant was personally served with a copy of the Plaintiff's complaint and summons on March 4, 2015. Incorp operates a registered agent service. The Defendant, by accounts manager Ingrid Perez, had contracted with Incorp to be the registered agent for out-of-state services. Incorp notified the Defendant by email on March 4, 2015, of the service of the complaint and summons. The Defendant concedes that Incorp notified them properly on March 4, 2015. However, Ms. Perez testified that she did not notice the email in her company inbox. Consequently, the Defendant took no further action at this time.

On March 26, 2015, Plaintiffs filed a Motion for Default Judgment due to the Defendant's failure to file any responsive pleadings. This was accompanied by a praecipe asking to docket the motion on the April 6, 2015, Motions Day for scheduling a hearing for default judgment and to schedule a hearing on damages. This was served on Incorp as well. Incorp sent timely notice to the Defendant of this hearing. Similar to the notice of the filing of the complaint, the Defendant indicated that appropriate personnel did not notice the correspondence from Incorp notifying it of this date either.

The Plaintiff, by counsel, appeared on the April 6, 2015, motions date. The Defendant did not appear. On that date, the Court granted the motion for a default judgment for the Plaintiff on all counts and set the matter on July 10, 2015, for a hearing on damages. The presiding judge on that date was Judge Bruce D. Albertson. Judge Albertson was unavailable to hear the motion to set aside the default judgment, and the parties were given the option of having the matter continued. However, all parties agreed to have me hear the motion on the scheduled date instead.

On April 7, 2015, Hendell received a phone call Brandy ("Randy") Perez, president of All Wood Flooring. Perez testified that he was calling Hendell because he was looking for an attorney to help him because of the letter of demand sent on February 13, 2015. Evidently, Perez did not realize that Hendell was the lawyer hired by the Plaintiffs who had sent All Wood Flooring, L.L.C., the letter of demand in February. Hendell notified him that he was in fact counsel for the Plaintiffs, and the two had a brief conversation during which time Hendell asserts actual notice was given to Perez of the pendency of the suit. On May 6, 2015, the Defendant hired counsel, Tom Bunn, Esq., and filed a Motion for Leave To File Responsive Pleadings and To Deem Pleadings Filed on May 22, 2015. Point two of this motion alleged that:

Incorp Services, Inc., is the registered agent in Virginia. While the return of service in the Court file suggests that a representative of Incorp Service, Inc., was served with Summons and Complaint in this matter on behalf of the Defendant on March 4, 2015, the Defendant did not receive the Summons and Complaint or notice of the Summons and Complaint until May 5, 2015.

However, when Hendell reviewed the motion and this assertion in point two, he realized (correctly) that this was not true. Given that he felt that the existence of the suit was discussed between himself and Randy Perez on April 7 (and that he was the only witness to the conversation), he contacted defense counsel about what he considered to be a material misrepresentation in the filing and then moved to withdraw from the case. The Plaintiffs hired Bradley J. Moyers, Esq. (Clark & Bradshaw, P.C.) as new counsel. Regardless of whether this actual notice was conveyed on April 7, 2015, proper notice was in fact timely sent by Incorp to the Defendant on March 4, 2015.

After Hendell's contact with defense counsel, the Defendant subsequently filed (on June 24, 2015) an Amended Motion To Set Aside Default Judgment and for Leave To File Responsive Pleadings and To Deem Pleadings Filed which deleted the assertion that the Defendant did not get notification from their registered agent until May 5, 2015. Instead, it asserts (correctly) that Incorp notified the Defendant on March 4, 2015.

Va. Sup. Ct. Rule 3:8 provides that a responsive pleading to the filing of a complaint must be made within twenty-one days of service. The Defendant does not contest that it answered beyond twenty-one days and is subject to default. However, it asks the Court to set aside the default judgment previously entered based on Va. Sup. Ct. Rule 3:19's provisions for relief from default. Va. Sup. Court Rule 3:19(b) provides that "[p]rior to entry of judgment, for good cause shown the court may grant leave to a defendant who is in default to file a late responsive pleading. . . ." Va. Sup. Court Rule 3:19(d)(1) governs relief from default after judgment and provides that the Court may "relieve a defendant of a of a default judgment after consideration of the extent and causes of the defendant's delay in tendering a responsive pleading. . . ."

Assuming *arguendo* that subsection (b) of Rule 3:19 controls, in considering the evidence, credibility of the witnesses, and circumstances, including the extent and causes of the defendant's delay, the Court does not find good cause to vacate the default judgment. There was discussion at the hearing (and the pleadings) as to whether Rule 3:19(b)'s preface of "[p]rior to entry of a judgment . . ." refers to the default judgment itself or the overall final judgment on the matter. As the Court does not ultimately find good cause to grant leave to refile, this issue need not be decided. After consideration of relevant rulings of the Virginia Supreme Court, this Court,

in a case involving very similar facts, has previously defined "good cause" as the existence of "excusable neglect." *J. B. Rhodenhizer Construction, Inc. v. Jupiter McGill Housing Group, L.L.C.*, 50 Va. Cir. 357 (Rockingham County, 1999) (*see also Cooper v. Davis*, 199 Va. 472, 476 (1957); Levine v. Lacy, 204 Va. 297, 302 (1963)).

Here, the Plaintiff followed all proper procedure in service of the Defendant's registered agent. The services of the registered agent were set up by the very employee, Ingrid Perez, that overlooked the notices. Furthermore, the Defendant did not file until seventy-nine days passed from service. Even accepting the Defendant's assertion that the notice was inadvertently overlooked, the assertion is that it was overlooked for *over sixty days*, March 4, 2015, until May 5, 2015. This oversight is also in despite of the additional service of the Motion for Default and the praecipe to docket it on March 26, 2015. Overall, the Court does not find the Defendant's neglect in filing a responsive pleading to be excusable. Finally, in considering the post judgment relief of subsection (d)(1) and considering the extent and causes of the defendant's delay in tendering a responsive pleading, the Court does not find it appropriate to vacate the default judgment.

Based on the foregoing, the Defendant's Amended Motion To Set Aside Default Judgment and for Leave To File Responsive Pleadings and To Deem Pleadings Filed is hereby denied.